THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:14-cv-59-FDW

| | |
|---|---|
| STEVIE L. JOHNSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **ORDER** |
| ) | |
| COLUMBIAN LIFE INSURANCE CO., ) | |
| ) | |
| Defendant. ) | |
| _____) | |

**THIS MATTER** is before the Court for initial review pursuant to 28 U.S.C. § 1915(e). Plaintiff, who is proceeding pro se, filed a Complaint, (Doc. No. 1), and an Application to Proceed in Forma Pauperis, (Doc. No. 2), on March 4, 2014. For the reasons explained below, the Court grants Plaintiff's application to proceed in forma pauperis for the limited purpose of reviewing the Complaint and the Court dismisses Plaintiff's Complaint.

**I.      BACKGROUND**

Pro se Plaintiff, a North Carolina state court inmate incarcerated at Mountain View Correctional Institution, in Spruce Pine, North Carolina, filed this action on a form used for actions brought pursuant to 42 U.S.C. § 1983, naming as the sole Defendant Columbian Life Insurance Company. In the Complaint, Plaintiff alleges that his mother purchased a $20,000 life insurance policy, but the Defendant insurance company refused to pay out the proceeds after Plaintiff's mother died of cancer. See (Doc. No. 1). Plaintiff states that Defendant denied the insurance claim based on a question in the application asking whether Plaintiff's mother had been treated for cancer in the 24 months before applying for the policy. (Id. at 7). Plaintiff states

that he is requesting the Court to send him "any type of forms that will help me with this insurance fraud." (Doc. No. 1 at 8).

The Court first notes that Plaintiff's inmate trust fund account states that as of February 26, 2014, Plaintiff's inmate trust fund balance was $0.00. (Doc. No. 2-1 at 1). Because the Court finds that Plaintiff does not have sufficient funds with which to pay the filing fee, the Court will grant Plaintiff's application to proceed in forma pauperis.

## II.     STANDARD OF REVIEW

Because Plaintiff seeks to proceed in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989).

## III.    DISCUSSION

Section 1983 provides, in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

42 U.S.C. § 1983. As its language indicates, Section 1983 applies only to persons acting under color of state law. It is well settled that private actors are not persons acting under color of state law and, thus, cannot be held liable under § 1983. See Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526

2

U.S. 40, 49-50 (1999). Plaintiff does not allege, and it does not appear, that Defendant was acting under color of state law, as Defendant appears to be a private actor.[1] In sum, the Court will sua sponte dismiss Plaintiff's Complaint for failure to state a claim. The dismissal will be without prejudice, however, to Plaintiff to pursue a state law claim for insurance fraud in state court.

**IV.    CONCLUSION**

For the reasons stated herein, Plaintiff's action is dismissed.

**IT IS, THEREFORE, ORDERED that:**

1. Plaintiff's Application to Proceed in Forma Pauperis, (Doc. No. 2), is **GRANTED**;

2. Plaintiff's Complaint is **DISMISSED** without prejudice.

**IT IS SO ORDERED**.

Signed: March 20, 2014

Frank D. Whitney
Chief United States District Judge

---

[1] The Court further notes that it is unclear whether Plaintiff has standing to bring this suit, as he does not allege that he is the beneficiary of the life insurance policy.